IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEILA MALONE; PATRICK SANDERS;) <br> and TORRANCE MALONE, a minor, ) <br> by SHEILA MALONE, His Mother ) <br> and Next Friend, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> B. WHELEHAN, Star No. 7949; ) <br> ) <br> Defendant. ) | FILED: SEP 30,2008 <br> 08CV5579 <br> JUDGE GETTLEMAN <br> MAGISTRATE JUDGE BROWN <br> RCC <br><br> No. <br><br> Plaintiff demands trial by jury |

C O M P L A I N T

NOW COME the Plaintiffs, SHEILA MALONE; PATRICK SANDERS; and TORRANCE MALONE, a minor by SHEILA MALONE, His Mother and Next Friend, by their attorney, BARBARA J. CLINITE, and complaining of the Defendant, B. WHELEHAN, states:

PARTIES

1.   Plaintiffs are residents of the City of Chicago in the Northern District of Illinois.

2.   Defendant, B. WHELEHAN, is employed in the City of Chicago, and is a resident of the Northern District of Illinois.

3.   The Defendant is sued in an individual capacity.

JURISDICTION

4.   Plaintiff files Counts I, II and III pursuant to 42 U.S.C. §1983, commonly known as the Civil Rights Act of 1871, and the jurisdiction of the Court is conferred by 28 U.S.C. §1331.

1

PRELIMINARY STATEMENT

5.    At all material times, the Defendant was employed by the Chicago Police Department as a police officer.

6.    In connection with his duties as a police officer, the Defendant was authorized to seize and make arrests of citizens only when he had probable cause to do so.

7.    Defendant is sued in his individual capacity.

COUNT I
VIOLATION OF CONSTITUTIONAL RIGHTS

8.    On March 18, 2007 the Plaintiffs, SHEILA MALONE; PATRICK SANDERS; and TORRANCE MALONE, a minor were at their home located at 701 North Christiana, in the City of Chicago, State of Illinois.

9.    PATRICK SANDERS and TORRANCE MALONE were outside the home in their yard.

10.    At said time, the Defendant was on routine patrol in his squad car, and had not received any call to respond to the Plaintiff's home or location.

11.    The Defendant did stop his squad car at the Plaintiff's home, and approach and seize the Plaintiffs, PATRICK SANDERS and TORRANCE MALONE, a minor.

12.    At no time did the Defendant have probable cause to believe that the Plaintiffs had committed any crime or to seize their persons.

13.    The Defendant did place handcuffs upon the Plaintiffs,

2

PATRICK SANDERS and TORRANCE MALONE, a minor, and did place them into his squad car and leave the area of Plaintiffs' residence.

14. After driving a number of blocks, the Defendant released the Plaintiffs from the handcuffs and allowed them to leave the squad car.

15. At all material times, the Defendant was acting under the color and pretense of state law, using his position as a police officer to carry out his wrongful seizure of the Plaintiffs.

16. The seizure of the Plaintiffs was a violation of the Plaintiffs' right to be free from unreasonable search and seizure, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

17. The Defendant committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiffs.

18. The Defendant did act with deliberate indifference to and with wilful disregard for the Plaintiffs' right to be free from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

19. The Defendant did violate the Plaintiffs' constitutional right to be free from unreasonable search and seizure.

20. As a direct and proximate result of the wrongful acts of the Defendant, the Plaintiffs were caused to and did suffer loss of liberty, and were caused to and did suffer, and in the future will suffer, great emotional distress.

WHEREFORE, the Plaintiff, PATRICK SANDERS, demands judgment against the Defendant, B. WHELEHAN, for compensatory damages in the sum of SIXTY THOUSAND ($60,000.00) DOLLARS, and for punitive and exemplary damages in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

COUNT II
VIOLATION OF CONSTITUTIONAL RIGHTS

8.   On March 18, 2007 the Plaintiffs, SHEILA MALONE; PATRICK SANDERS; and TORRANCE MALONE, a minor were at their home located at 701 North Christiana, in the City of Chicago, State of Illinois.

9.   PATRICK SANDERS and TORRANCE MALONE were outside the home in their yard.

10.   At said time, the Defendant was on routine patrol in his squad car, and had not received any call to respond to the Plaintiff's home or location.

11.   The Defendant did stop his squad car at the Plaintiff's home, and approach and seize the Plaintiffs, PATRICK SANDERS and TORRANCE MALONE, a minor.

12.   At no time did the Defendant have probable cause to believe that the Plaintiffs had committed any crime or to seize their persons.

13.   The Defendant did place handcuffs upon the Plaintiffs, PATRICK SANDERS and TORRANCE MALONE, a minor, and did place them into his squad car and leave the area of Plaintiffs' residence.

14.   After driving a number of blocks, the Defendant released

4

the Plaintiffs from the handcuffs and allowed them to leave the squad car.

15. At all material times, the Defendant was acting under the color and pretense of state law, using his position as a police officer to carry out his wrongful seizure of the Plaintiffs.

16. The seizure of the Plaintiffs was a violation of the Plaintiffs' right to be free from unreasonable search and seizure, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

17. The Defendant committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiffs.

18. The Defendant did act with deliberate indifference to and with wilful disregard for the Plaintiffs' right to be free from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

19. The Defendant did violate the Plaintiffs' constitutional right to be free from unreasonable search and seizure.

20. As a direct and proximate result of the wrongful acts of the Defendant, the Plaintiffs were caused to and did suffer loss of liberty, and were caused to and did suffer, and in the future will suffer, great emotional distress.

WHEREFORE, the Plaintiff, TORRANCE MALONE, a minor by SHEILA MALONE, His Mother and Next Friend, demands judgment against the Defendant, B. WHELEHAN, for compensatory damages in the sum of

SIXTY THOUSAND ($60,000.00) DOLLARS, and for punitive and exemplary damages in the sum of ONE HUNDRED THOUSAND ($100,000.00) DOLLARS.

## COUNT III
## VIOLATION OF CONSTITUTIONAL RIGHTS

8.   On March 18, 2004 the Plaintiffs, SHEILA MALONE; PATRICK SANDERS; and TORRANCE MALONE, a minor were at their home located at 701 North Christiana, in the City of Chicago, State of Illinois.

9.   At said time, the Defendant was on routine patrol in his squad car, and had not received any call to respond to the Plaintiff's home or location.

10.   The Defendant did stop his squad car at the Plaintiff's home, and approach and seize the Plaintiffs, PATRICK SANDERS and TORRANCE MALONE, a minor.

11.   The Defendant did place handcuffs upon the Plaintiffs, PATRICK SANDERS and TORRANCE MALONE, a minor, and did place them into his squad car and leave the area of Plaintiffs' residence.

12.   Plaintiff, SHEILA MALONE, is the mother of Plaintiffs PATRICK SANDERS and TORRANCE MALONE.

13.   SHEILA MALONE did enter her car and follow the Defendant's squad car out of concern for her sons safety and well-being.

14.   After driving a number of blocks, the Defendant released the PATRICK SANDERS and TORRANCE MALONE from the handcuffs and

allowed them to leave the squad car, telling them to "get the f---out of here".

15. At that time, SHEILA MALONE stopped her vehicle and PATRICK SANDERS and TORRANCE MALONE did enter their mother's car.

16. SHEILA MALONE did begin to drive her sons home.

17. The Defendant, B. WHELEHAN, did follow the Plaintiff, SHEILA MALONE, and did pull her vehicle over.

18. At no time did the Defendant have probable cause to believe that the Plaintiff, SHEILA MALONE, had committed any crime or to stop her vehicle.

19. Defendant did grab Plaintiff, SHEILA MALONE, and pulled her from her car.

20. The Defendant did seize and handcuff Plaintiff, SHEILA MALONE and did arrest her.

21. At no time did the Defendant have probable cause to believe that the Plaintiff, SHEILA MALONE, had committed any crime or to seize and arrest her.

22. Defendant forcefully placed Plaintiff into his squad car and shut the door on her leg, causing injuries.

23. Defendant did falsely charge the Plaintiff with having assaulted and battered him.

24. Plaintiff was taken to the police station, fingerprinted, processed and held for approximately sixteen (16) hours.

25. Plaintiff's vehicle was impounded and Defendant refused to return the keys to her when she was finally released.

26. At all material times, the Defendant was acting under the color and pretense of state law, using his position as a police officer to carry out his wrongful seizure of the Plaintiff, SHEILA MALONE.

27. The seizure and arrest of the Plaintiff was a violation of the Plaintiff's right to be free from unreasonable search and seizure, under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

28. The Defendant committed the acts alleged with deliberate indifference and disregard for the safety and the constitutional rights of the Plaintiff.

29. The Defendant did act with deliberate indifference to and with wilful disregard for the Plaintiff's right to be free from unreasonable search and seizure under the Fourth Amendment to the U.S. Constitution, applicable through the Fourteenth Amendment.

30. The Defendant did violate the Plaintiff's constitutional right to be free from unreasonable search and seizure.

31. As a direct and proximate result of the wrongful acts of the Defendant, the Plaintiff was caused to and did suffer loss of liberty; did suffer physical and emotional injuries; was caused to and did suffer, and in the future will suffer, great pain in both body and mind; and was caused to expend great sums of money to recover her car and for defense of the criminal charges wrongfully placed against her.

WHEREFORE, the Plaintiff, SHEILA MALONE, demands judgment against the Defendant, B. WHELEHAN, for compensatory damages in the sum of SEVENTY FIVE THOUSAND ($75,000.00) DOLLARS, and for punitive and exemplary damages in the sum of TWO HUNDRED FIFTY THOUSAND ($250,000.00) DOLLARS.

BARBARA J. CLINITE
Attorney for the Plaintiff

BARBARA J. CLINITE
Attorney at Law
P. O. Box 2451
Chicago, Illinois 60690-2451
(312) 977-1985
e-mail: clinitelaw@peoplepc.com
Atty.No. 01324139